# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JOHN PICKETT,

        Plaintiff,

vs.                                     5:08CV296-RH/AK

ARAMARK, et al,

        Defendants .

        _____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a second amended complaint alleging that the Director of Food Services and two employees at Jackson Correctional Institution engaged in unsanitary food preparation practices in August 2007 which resulted in an illness in January 2009. The sole incident described in the complaint concerns his finding some dirty utensils in a "swill bucket," which he informed corrections officers about, and he alleges after a "secretive meeting" between Director Black and Defendants Hackney and Peyton, Plaintiff and other inmates were told to clean the utensils until they were disinfected. The utensils were then used to feed Plaintiff and others. Plaintiff then alleges that he became ill a year and a half later presumably from this incident since he describes no other "unsanitary practice."

**I.      Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are

2

indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

## II. Analysis

Prisoners must be served "reasonably adequate" food under the Eighth Amendment. Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985). If nutritionally adequate food is prepared and served in a manner that does not "present an immediate danger to the health and well being of the inmates who consume it," then there is no constitutional violation. Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980); French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985); Adams v. Mathis, 458 F.Supp. 302 (MD Ala 1978), affd, 614 F.2d 42 (5 Cir. 1980). Dried food left on delivery carts and the sporadic discovery of foreign objects in food does not establish a constitutional violation absent a showing that an immediate danger existed. Landfair v. Sheahan, 878 F.Supp. 1106 (ND Ill. 1994). Generally, the Constitution requires that food be prepared and served in a manner that reasonably accords with sound sanitary procedures so that inmates are not exposed to an unreasonable risk of disease. Grubbs v. Bradley, 552 F. Supp. 1052, 1123 (M.D. Tenn. 1982). However, even unsanitary conditions may not constitute constitutional deprivations if a good faith effort has been made to maintain a clean area. Kennibrew v. Russell, 578 F.Supp. 164 (ED Tenn 1983).

In the present complaint, Plaintiff admits that he was directed by the Defendants to clean and disinfect the utensils before using them. Accepting his version of the facts, it would appear that any fault for the utensils being unsanitary when he and others used them would have been his own. Further, Plaintiff attempts to link this one incident to a stomach virus he had a year and a half later. This complaint is frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint (doc. 23) be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and constitutes a "strike" under 28 U.S.C. §1915(g).

**IN CHAMBERS** at Gainesville, Florida, this __2nd__ day of December, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**